FILED
2025 Sep-09  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| DE'CORLION KESHAUN ROBINSON | ) | 25-586 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___August 13, 2025___ in the county of ___Jefferson___ in the ___Northern___ District of ___Alabama___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o)(1) | Possession of a Machinegun |

This criminal complaint is based on these facts:

See attached affidavit of TFO Stephen Doss.

☑ Continued on the attached sheet.

STEPHEN DOSS (Affiliate)
Digitally signed by STEPHEN DOSS (Affiliate)
Date: 2025.09.09 15:46:34 -05'00'

*Complainant's signature*

Stephen Doss, ATF TFO

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/9/25

*Judge's signature*

City and state: ___Birmingham, Alabama___

Hon. Staci G. Cornelius, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer Stephen Doss, am a police officer with the Birmingham Police Department, assigned to the Alcohol, Tobacco, Firearm (ATF) as a Task Force Officer (TFO) since May 2023.  I have served in Law Enforcement since April 2008 beginning as a Deputy Sheriff for Jefferson County Sheriff's Office. I am presently a Birmingham Police Officer hired in October 2009. As part of my official duties as an ATF Task Force Officer, I investigate criminal violations of federal firearms laws, including, but not limited to, Title 18, United States Code, Section 922(o)(1) (possession of a machinegun).

1.     The facts in this affidavit come from my personal observations, my training and experience, the training and experience of other agents and officers, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## STATUTORY AUTHORITY

2.     Title 18, United States Code, Section 922(o)(1) prohibits the possession of a machinegun. A machinegun is any weapon that shoots, is designed to shoot, or can be readily restored to shoot multiple shots automatically, without manual reloading, by a single function of the trigger. 18 U.S.C. § 921(a)(24), 26 U.S.C. § 5845(b). The term also includes the frame or receiver of any such weapon, any part

designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person. *Id.*

## PROBABLE CAUSE

3. At approximately 9:15 p.m. on August 13, 2025, Birmingham Police officers went to Lakeshore Ridge apartments, which is within the Northern District of Alabama, on a report of a person shot. The caller, INDIVIDUAL-1, told dispatch that De'Corlion Keshaun ROBINSON had shot a 39-year-old male. INDIVIDUAL-1 further advised that ROBINSON was still on the property and drove a white Cadillac sedan.

4. Birmingham Police Officer Lewis encountered ROBINSON in the parking lot when he arrived. Ofc. Lewis asked ROBINSON if he was the person who shot someone. ROBINSON admitted that he was. Ofc. Lewis asked for the location of the firearm. ROBINSON stated that he threw it in the woods.

5. Officers detained ROBINSON and placed him in a patrol unit. Ofc. Simms asked ROBINSON where he had thrown the firearm. ROBINSON stated that he had thrown it "back there" behind a garage.

6. Officers found a Glock 10mm pistol, bearing serial number CCCC435 on the edge of the apartment complex above a retaining wall. The pistol's slide plate

had been replaced with a machinegun conversion device ("MCD"), commonly referred to a "Glock switch." The pistol was not loaded, and no magazine was attached. The pistol slide was partway back, and soil was present on the rear.

7.     Near a white Cadillac registered to ROBINSON, officers found one round of 10mm ammunition. Through the driver's side rear window, officers observed a Glock-style firearm magazine in the backseat.

8.     The Cadillac was towed and later searched pursuant to a state search warrant. Evidence Technician Todd recovered the loaded Glock-style magazine, which contained 20 rounds of 10mm ammunition. ET Todd also found a black pistol holster and an additional round of 10mm ammunition.

9.     Inside the apartment, Ofc. Lewis located the male suffering from multiple gunshot wounds. Rescue personnel attempted lifesaving measures, but they were unsuccessful, and the person was later declared deceased. In the same room, officers found four spent 10mm shell casings and one fired projectile. INDIVIDUAL-1 was present and told officers that she heard two or three gunshots.

10.     Birmingham Detective Davenport interviewed ROBINSON. Before doing so, Det. Davenport informed ROBINSON of his rights under *Miranda*. ROBINSON waived his rights and agreed to speak with the detectives. ROBINSON admitted that the MCD was attached at the time he purchased the Glock 10mm pistol. ROBINSON admitted that, while inside the apartment, he had fired multiple rounds

despite only pulling the trigger once. ROBINSON affirmed that he "knew what a switch does."

11.    Detective Davenport also interviewed INDIVIDUAL-1. INDIVIDUAL-1 told Det. Davenport that ROBINSON had shot the decedent and pointed the gun at INDIVIDUAL-1, before leaving the apartment. INDIVIDUAL-1 stated that ROBINSON returned to the apartment a short time later and told INDIVIDUAL-1 to call the police.

12.    ATF Firearms Enforcement Officer John Miller examined photos of the Glock 10mm pistol, serial number (CCCC435) and attached MCD. He verbally concluded that the MCD was designed to convert a semi-automatic Glock-type pistol into a machinegun. Therefore, the MCD is a "machinegun" as defined by 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b). Further, the Glock 10mm pistol to which the MCD was attached "is a weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger" and is, therefore, a machinegun.

## **CONCLUSION**

13.    Based on the above facts, I believe there is probable cause to establish

that De'Corlion Keshaun ROBINSON was in violation of Title 18, United States

Code, Section 922(o)(1) (possession of a machinegun).

STEPHEN DOSS (Affiliate)
Digitally signed by STEPHEN DOSS (Affiliate)
Date: 2025.09.09 15:47:17 -05'00'

Stephen Doss, Affiant
ATF Task Force Officer

Sworn to telephonically and subscribed electronically this the 9th day of
September 2025.

HON. STACI G. CORNELIUS
United States Magistrate Judge